IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VANTAGE POINT TECHNOLOGY, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| NEC CORPORATION OF AMERICA, | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Vantage Point Technology, Inc. ("Plaintiff") alleges the following for its complaint against Defendant NEC Corporation of America ("Defendant").

**THE PARTIES**

1. Plaintiff is a corporation formed under the laws of the State of Texas having its principal place of business at 719 W. Front Street, Suite 244, Tyler, Texas 75702.

2. Defendant is a corporation formed under the laws of the state of Nevada with a principal place of business at 6535 State Highway 161, Irving, Texas 75039. Defendant may be served with process via its registered agent National Registered Agents, Inc., 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

**JURISDICTION AND VENUE**

3. This is a patent infringement action. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

4. The Court has personal jurisdiction, because Defendant has availed itself of the rights and benefits of this District by conducting business in this jurisdiction, including by

promoting products for sale via the internet, which is accessible to and accessed by residents of this District. Defendant is also registered to do business in the State of Texas.

5. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(d) and §1400(b), because substantial acts of infringement have occurred in this District.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 5,463,750**

6. On October 31, 1995, U.S. Patent No. 5,463,750 (the "'750 Patent") entitled "Method and Apparatus for Translating Virtual Addresses in a Data Processing System Having Multiple Instruction Pipelines and Separate TLB's for each Pipeline" was duly and legally issued by the United States Patent and Trademark Office. The application for the '750 Patent was filed on November 2, 1993 and originally assigned to Intergraph Corporation. A true and correct copy of the '750 Patent is attached as Exhibit A hereto.

7. Plaintiff is the sole and exclusive owner of all right, title, and interest in the '750 Patent and holds the exclusive right to take all actions, including the filing of this patent infringement lawsuit, necessary to enforce its rights to the '750 Patent. Plaintiff also has the right to recover all damages for past, present, and future infringement of the '750 Patent and to seek injunctive relief as appropriate under the law.

8. Defendant has infringed and continues to directly infringe, either literally or by equivalents, one or more claims of the '750 Patent by making, having made, using, selling, offering for sale and/or importing products that satisfy each and every limitation of one or more claims of the '750 Patent, including at least Claim 1. Such products include at least the Terrain, Medias W, and Medias X, which use the multi-core Qualcomm Krait (Snapdragon S4Plus) core processor design in a MSM8960 chipset and/or the multi-core Qualcomm Krait (Snapdragon S4Pro) core processor design in an APQ8064 chipset, and the Medias LTE and Medias Tab,

which use the multi-core Qualcomm Scorpion (Snapdragon S3) core processor design in an APQ8060 chipset.

9. Defendant's manufacture, sales, offers to sell, and/or importation of the accused products is unauthorized, without the permission of Plaintiff, and constitutes infringement under 35 U.S.C. §271 for which it is directly liable.

10. As a result of Defendant's direct infringement, Plaintiff has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a jury on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment that Defendant has directly infringed, either literally or by equivalents, the '750 Patent;

B. Award Plaintiff damages for Defendant's infringement in an amount to be determined at trial, including enhanced damages, costs, and pre and post-judgment interest; and

C. Award any other relief deemed just and proper.

November 1, 2013                                      Respectfully submitted,

                                                      /s/ Paul V. Storm
                                                     Paul V. Storm
                                                     Texas State Bar No. 19325350
                                                   Sarah M. Paxson
                                                   Texas State Bar No. 24032826
                                                   GARDERE WYNNE SEWELL LLP
                                                   1601 Elm Street, Suite 3000
                                                   Dallas, Texas  75201
                                                   (214) 999-3000
                                                   pvstorm@gardere.com
                                                   spaxson@gardere.com

                                                   *Attorneys for Vantage Point Technology, Inc.*